UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RBS CITIZENS, N.A. d/b/a | ) | |
| CHARTER ONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 1820 |
| | ) | |
| SANYOU IMPORT, INC., and | ) | |
| JIAN QIANG YANG, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Plaintiff RBS Citizens, N.A.

d/b/a Charter One ("Charter One") for summary judgment pursuant to Federal Rule of

Civil Procedure 56. For the reasons stated below, the motion is granted.

## BACKGROUND[1]

On March 30, 2005, Defendants Sanyou Import, Inc. ("Sanyou Import") and Jian

Qiang Yang ("Yang") (collectively, "Defendants") executed several contracts with

Charter One. Sanyou Import executed a Loan Agreement and a Demand Line of Credit

Note (the "Note"). According to the Note, Charter One loaned Sanyou Import $100,000

---

[1] Unless otherwise noted, the following facts are undisputed for purposes of summary judgment. Additionally, because Defendants failed to respond to Charter One's statement of undisputed facts, all facts therein are deemed admitted. See N.D. Ill. L.R. 56.1(b)(3)(B)-(C).

and Sanyou Import promised to re-pay Charter One. The Note is a "demand note" and gives Charter One the absolute and unconditional right to demand payment, in whole or in part, at any time, and with or without cause.

Yang executed an Unlimited Guaranty, unconditionally and personally guaranteeing payment to Charter One of all sums due and owing to Charter One by Sanyou Import under the Note. By virtue of the Unlimited Guaranty, Yang is jointly and severally liable with Sanyou Import for all amounts owed by Sanyou Import to Charter One, including the outstanding principal, accrued but unpaid interest, and the costs of collection.

On January 31, 2011, Charter One sent a Notice of Default, Demand for Payment, and Reservation of Rights to Sanyou Import and Yang, demanding payment in full of all amounts due under the Note. Despite the demand, neither Sanyou Import nor Yang has satisfied and discharged Sanyou Import's indebtedness to Charter One. Further, Sanyou Import defaulted on the Note by failing to make payments when due.

On March 16, 2011, Charter One filed suit against Sanyou Import and Yang, alleging a claim for breach of contract. On July 13, 2011, this Court dismissed Defendants' counterclaims and struck Defendants' affirmative defenses, except for Defendants' bad faith defense, to the extent bad faith constitutes an independent defense

under Illinois law. As of August 9, 2011, the amount due under the Note is $109,450.14. Charter One now moves for summary judgment.

Defendants, without filing a separate statement of undisputed facts or citing any evidence, rely on additional facts to defeat summary judgment.[2] According to Defendants, a Charter One employee, Stephanie Li Cheung ("Li Cheung"), allegedly assured Yang, despite the contract's explicit terms, that he would not assume any risk by personally guaranteeing the loan between Charter One and Sanyou Import. Defendants also claim that Gang Bai ("Bai") and Li Ma ("Ma"), the owners of Sanyou Import, pledged their Chicago property as collateral for the line of credit and that Charter One, knowing of the pledge, subsequently lent Bai and Ma additional money in an amount equal to the Chicago property's remaining equity.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391-92 (7th Cir. 2011). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the

---

[2] The Court cannot consider these additional facts because Defendants failed to file a separate statement of additional undisputed facts and failed to cite any evidence in support of these facts. N.D. Ill. L.R. 56.1(b)(3)(C).

non-moving party. *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010). A court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

## DISCUSSION[3]

Defendants do not dispute that Charter One presented sufficient evidence establishing its breach of contract claim. Rather, Defendants contend that issues of material fact exist concerning its affirmative defense. Specifically, Defendants maintain that Charter One breached the duty of good faith and fair dealing, thereby relieving Defendant Yang from liability.[4]

To survive summary judgment, the non-movant must show through specific evidence that a triable issue of fact remains on issues for which the non-movant bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-movant must support its contentions with proper documentary evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Chemsource, Inc. v. Hub Grp., Inc.*, 106 F.3d 1358, 1361 (7th Cir. 1997). Significantly, Defendants failed to present any evidence to support the alleged

---

[3] Both parties agree that Illinois law applies.

[4] Defendants recharacterized the bad faith affirmative defense as an affirmative defense based on the duty of good faith and fair dealing. After reviewing Defendants' brief, Defendants' affirmative defense only relates to Defendant Yang, as Defendants make no argument which would defeat the liability of Defendant Sanyou Import.

affirmative defense. For this reason, alone, summary judgment is proper. However, even if Defendants had presented evidence to support the allegations relating to the affirmative defense, summary judgment remains appropriate for the reasons discussed below.

A bank has a duty of good faith in dealing with a guarantor. *Bank One, Springfield v. Roscetti*, 723 N.E.2d 755, 764 (Ill. App. Ct. 1999). The duty, however, is not an independent source of obligations for the parties. *Seip v. Rogers Raw Materials Fund, L.P.*, 948 N.E.2d 628, 637 (Ill. App. Ct. 2011). Instead, the duty aids the construction of a contract which is susceptible to two constructions. *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 815 N.E.2d 911, 914-15 (Ill. App. Ct. 2004). Where one construction imputes bad faith to a party and the other construction does not, the Court should apply the good-faith principle and adopt the latter instruction. *Id.* Further, the duty of good faith requires a party vested with contractual discretion to exercise such discretion reasonably. *Roscetti*, 723 N.E.2d at 764.

Defendants first argue that Charter One breached the duty of good faith and fair dealing when its employee, Li Cheung, assured Yang, despite the contract's explicit terms, that he would not be held personally liable if he signed the Unlimited Guaranty. Defendants also argue that Charter One breached the duty of good faith and fair dealing because Charter One failed to record an agreement wherein Bai and Ma had pledged

their Chicago property as collateral for the Note and Charter One depleted that collateral by making an additional loan to Sanyou Import secured by the remaining equity of the property.

These facts, even if proven, could not establish an affirmative defense based on Charter One's breach of the duty of good faith and fair dealing. First, the duty of good faith does not apply. As noted above, the duty aids the construction of a contract susceptible to two meanings, *Mid-West Energy*, 815 N.E.2d at 914-15, and requires a party to exercise contractual discretion reasonably, *Roscetti*, 723 N.E.2d at 764. Neither scenario is present in this case. Defendants do not identify an ambiguous term, demonstrate that Charter One had any discretion under the contract, or articulate how Charter One exercised any such discretion unreasonably. Further, the duty of good faith and fair dealing does not apply to Defendants' allegations regarding Li Cheung. Specifically, the duty only arises upon the formation of a contractual relationship. *RBS Citizens, N.A. v. RTG-Oak Lawn, LLC*, 943 N.E.2d 198, 207 (Ill. App. Ct. 2011) (noting that the duty of good faith and fair dealing does not apply to pre-contractual actions); *Magna Bank of Madison County v. Jameson*, 604 N.E.2d 541, 544 (Ill. App. Ct. 1992) (holding that no breach of the implied covenant of good faith and fair dealing can occur prior to the formation of the contract). At the time Li Cheung allegedly made the misrepresentation to Yang, no contractual relationship existed between Charter One and

Yang (and thus no duty had arisen), because Yang had not yet signed the Unlimited Guaranty.

Second, the parties are entitled to enforce the terms of the contract and the duty, as viewed by Defendants, would improperly impose an obligation contradicting or modifying the contract's express terms. *See Roscetti*, 723 N.E.2d at 765. Pursuant to the Unlimited Guaranty's express terms, Charter One is entitled to hold Yang personally liable for the Note and Yang's liability is direct and unconditional, so that Charter One has no obligation to first resort to any security before demanding payment from Yang. Accordingly, Charter One may enforce the Unlimited Guaranty without regard to any collateral and the covenant of good faith and fair dealing cannot impose any duty contradicting that right.

Finally, Li Cheung's purported statement does not create a genuine issue of material fact because it constitutes parol evidence that cannot be used to contradict the express terms of the Unlimited Guaranty. *Weber v. DeKalb Corp.*, 637 N.E.2d 694, 699 (Ill. App. Ct. 1994) ("extrinsic or parol evidence concerning a prior or contemporaneous agreement is not admissible to vary or contradict a fully integrated writing"). For these reasons, Defendants have not provided sufficient evidence of an affirmative defense based on Charter One's breach of the duty of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, this Court grants Charter One's summary judgment

motion.

_____

Charles P. Kocoras
United States District Judge

Dated: ___October 6, 2011___